UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS C. RUIZ,<br><br>    Plaintiff,<br><br>v.<br><br>TOMAS J. ARAGON, ET. AL.,<br><br>    Defendants. | Case No. 1:22-cv-01468-ADA-HBK<br><br>ORDER:<br><br>(1) DENYING *PRO SE* PLAINTIFF'S MOTION TO ACCESS TO THE COURT'S ELECTRONIC FILING SYSTEM WITHOUT PREJUDICE; (2) DIRECTING CLERK TO TERMINATE RELATED PROPOSED ORDER AS MOTION; AND (3) DENYING MOTION AS PREMATURE<br><br>(Doc. Nos. 6, 7, 8) |

      Plaintiff Elias C. Ruiz commenced this action on November 19, 2022, by filing a pro se complaint identifying the Director of the California Department of Health, Assistant Superintendent of Human Resources for the Turlock Unified School District, Trulock Unified School District, and the California Department of Health as defendants. (Doc. No. 1). Pending before the Court is Plaintiff's motion seeking permission to utilize the Court's case management and electronic filing system (CM/ECF) filed on November 28, 2022. (Doc. No. 6). Plaintiff filed a proposed order regarding same, which was improperly docketed as a motion on November 29, 2022. (*See* Doc. No. 8).

      Plaintiff seeks access CM/ECF and states he understands his privilege to use CM/ECF

will be revoked if he improperly using the electronic filing system. (Doc. No. 6 at 1-2). Plaintiff confirms he has access to computer with internet, printer, copies, and programs including the PDF reader and writer. (*Id.*). Plaintiff, however, does not explain *why* he requires access to CM/ECF.

The Court's CM/ECF system requires attorneys to adhere to electronic procedures in the Court's Local Rules to file documents electronically. L.R. 133(a) (E.D. Cal March 2022*)*. Pro se parties are specifically exempted, and indeed prohibited, from utilizing electronic filing unless granted permission from the assigned Judge or Magistrate Judge. L.R. 133(b)(2). Instead, pro se parties "shall file and serve paper documents as required by the applicable rules." (*Id.*). Any requests from an exempted party to utilize electronic filing "shall be submitted as stipulations as provided in L.R. 143" or as motion "setting out an explanation of reasons for the exception." L.R. 133(b)(3). "Requests may also be made in scheduling conference and pretrial conference statements where the need can be foreseen." (*Id.*).

As noted *supra*, Plaintiff's complaint was only recently filed so this case is in the initial stages of litigation. (Doc. No. 1). Plaintiff provides no reason in his motion why the Court should grant an exemption from the paper filing requirement. (*See* Doc. No. 6). Given that this case is in the early stages, Plaintiff has not had time yet to obtain a stipulation from the Defendants, who only recently confirmed via email receipt of the summons and complaint. (Doc. No. 7). Because the motion does not explain a reason why access to CM/ECF is required the motion does not comply with the Court's Local Rules to be granted an exemption from conventional filing. Thus, the motion will be denied without prejudice. If Plaintiff believes he has a need for access to the Court's CM/ECF system, he may seek a stipulation from defendants or alternatively re-raise his motion at the initial scheduling conference set for February 16, 2023. (Doc. No. 4).

Plaintiff also requests the Court to accept proof of service of summons by email upon defendants California Department of Public Health (CDPH) and Turlock Unified School District (Turlock). (Doc. No. 7). He attaches to his motion emails purportedly received from each entity confirming their receipt of the summons and complaint respectively dated November 21, 2022. (Id. at 4-6). The Court requires service to conform to Rule 4 of the Federal Rules of Civil

2

Procedure.  The Court does not preemptively opine as to whether service was properly effectuated unless a party does not timely respond to the complaint and the plaintiff moves for entry of clerk's default under Fed. R. Civ. P. 55.  Thus, the motion is premature.

        Accordingly, it is **ORDERED**:

        1. Plaintiff's motion for CM/ECF access (Doc. No. 6) is DENIED without prejudice.

        2. The Clerk of Court shall terminate the pending motion associated with Plaintiff's proposed order (Doc. No. 8).

        3.  Plaintiff's motion to confirm service of process by email (Doc. No. 7) is DENIED as premature.

Dated:   December 1, 2022

HELENA M. BARCH-KUCHTA  
UNITED STATES MAGISTRATE JUDGE