UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS C. RUIZ,<br><br>        Plaintiff,<br><br>    v.<br><br>TOMAS J. ARAGON, ET. AL.,<br><br>        Defendants. | Case No. 1:22-cv-01468-ADA-HBK<br><br>ORDER:<br><br>DENYING PLAINTIFF'S MOTIONS TO STRIKE<br><br>(Doc. Nos. 17, 21) |

      Pending before the Court are Plaintiff's motion to strike the declaration of John R. McCratic filed on December 23, 2022 (Doc. No. 17) and motion to strike the declaration of Brian A. Duss filed on January 3, 2023 (Doc. No. 21) (collectively "the declarations"). The respective declarations (Doc. Nos. 14, 16) were filed in support of Defendants Tomas J. Aragon and the California Department of Health and Turlock Unified School District's opposition to Plaintiff's request for a clerk's entry of default under Fed. R. Civ. P. 55(a). Defendants opposed entry of a clerk's default on the basis that Plaintiff failed to effect proper service under Fed. R Civ. P. 4. On January 31, 2023, the Clerk of Court declined to enter default under Fed. R. Civ. P. 55(a) due to insufficient process. (Doc. No. 32). Because the Clerk properly withheld entry of default,

Plaintiff's motions are denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Elias C. Ruiz commenced this action on November 14, 2022, by filing a pro se complaint identifying the Director of the California Department of Health, Assistant Superintendent of Human Resources for the Turlock Unified School District, Trulock Unified School District, and the California Department of Health as defendants. (Doc. No. 1). On November 16, 2022, a summons was issued on all Defendants. (Doc. No. 2). On December 15, 2022, Plaintiff moved for a clerk's default under Fed. R. Civ. P. 55(a). (Doc. No. 10). In his declaration in support, Plaintiff attests that he properly effected service upon Defendants pursuant to Rule 4 on November 21, 2022. (Doc. No. 11). Plaintiff attaches as exhibits the emails he personally sent to Defendants' business addresses forwarding the summons and complaint. (Doc. No. 11 at 10-12).

Defendants filed an opposition to Plaintiff's Rule 55(a) request and submitted declarations in support. (Doc. Nos. 14, 16). Defendants deny that service was properly effected noting that Plaintiff, who is appearing pro se, personally attested to serving each Defendant in contravention to Fed. R. Civ. P. 4. Indeed, Defendants further advise they alerted Plaintiff to the defect in service, provided Plaintiff with a waiver form to complete and return, and offered to waive service if requested. Plaintiff did not request waiver. (Doc No. 16 at 2-3, ¶¶ 6-8; 16 at 5).

## II. APPLICABLE LAW AND ANALYSIS

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. *See* Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[a] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default may be

entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). Notably, Rule 4 provides that a *party* is *not permitted* to effect service.  Fed. R. Civ. P. 49(c)(2) (expressly providing that service may be made by "any person who is at least 18 years old and not a party").  Here, it is evident that Plaintiff himself improperly attempted to serve Defendants. Thus, a clerk's entry of default is not appropriate against the Defendants because service was not proper under Fed. R. Civ. P. 4.  Consequently, the Court finds that the Clerk properly withheld entry of default against the Defendants under Federal Rule of Civil Procedure 55(a).

Accordingly, it is hereby **ORDERED**:

The Clerk of Court properly withheld entry of default (Doc. No. 32) and Plaintiff's motions (Doc. Nos. 17, 21) are DENIED.

Dated:   January 31, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE